[709 NYS2d 579]

In the Matter of KENNETH F. POPPER, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, June 12, 2000

**APPEARANCES OF COUNSEL**

*Robert H. Straus*, Brooklyn (*Mark F. DeWan* of counsel), for petitioner.

*Jerome Karp, P. C.,* Brooklyn, for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition containing three charges of professional misconduct. After a hearing, the Special Referee sustained all three charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline as the Court deems appropriate. The respondent's counsel has submitted an affirmation in response requesting that the Court, in imposing discipline, temper its judgment in light of substantial mitigating factors.

The charges, which include failure to properly safeguard funds entrusted to the respondent as a fiduciary, in violation of Code of Professional Responsibility DR 9-102 (b) (22 NYCRR 1200.46 [b]), commingling, in violation of Code of Professional Responsibility DR 9-102 (a) (22 NYCRR 1200.46 [a]), and engaging in conduct adversely reflecting upon his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [8] [now (7)]), emanate from the following facts.

On or about November 15, 1997, the respondent deposited a check in the amount of $32,100 into his escrow account, representing the down payment on a real estate transaction in which he represented the seller, Shirley Lichtig. Pursuant to the contract of sale, the respondent was to hold the down payment in escrow until the closing of title.

In or about January 1998, the respondent settled a personal injury matter which he was handling on behalf of Guy Jean-Pierre for $9,500. The settlement was to be paid as follows: $4,500 by Eagle Insurance Company and $5,000 by State Farm Mutual Automobile Insurance. On or about January 23, 1998, the respondent deposited a check from Eagle Insurance Company in the amount of $4,500 into his attorney escrow account. He then drew the following checks, pertaining to the settlement, from that account: (1) a check in the amount of $5,746.28 to Mr. Jean-Pierre, representing his share of the settlement; (2) a $1,000 check to himself, representing a portion of his legal fee; and (3) a $2,746.28 check to himself, representing the remaining portion of his legal fee.

The respondent attended the Lichtig closing on or about January 30, 1998. Pursuant to an agreement executed at that time, the respondent was required to hold $10,000 of the sale

proceeds in his attorney escrow account until Ms. Lichtig obtained a certificate of occupancy for an addition to the residence on the property.

In or about March 1998, the respondent learned that Ms. Lichtig had obtained the certificate of occupancy. On or about March 3, 1998, the respondent drew a check for $402.90 on the escrow account, payable to the New York City Department of Buildings with respect to the Lichtig transaction. On or about March 3, 1998, the respondent drew a $1,000 check on that account, payable to Issam Abourateh of IMA Contracting, with respect to the Lichtig transaction. On or about March 11, 1998, the respondent drew a check for $3,583.12 on the escrow account, payable to James Martin, representing a property damage settlement in a matter unrelated to either the Lichtig closing or the Jean-Pierre settlement. On or about March 25, 1998, the respondent drew a check for $1,040 on his escrow account, payable to IMA Contracting, with respect to the Lichtig transaction. On or about March 28, 1998, the respondent drew a check for $7,557.10 on the escrow account, payable to Shirley Lichtig, representing the proceeds of the closing.

On or about March 30, 1998, the balance in the respondent's escrow account dropped below the amount he was required to maintain on deposit pending the Lichtig closing. On or about April 23, 1998, check number 2146, representing the $7,557.10 payable to Shirley Lichtig, was dishonored due to insufficient funds.

On or about April 24, 1998, the respondent deposited $7,000 of his personal funds into his escrow account, at a time when funds entrusted to him as a fiduciary incident to his practice of law remained on deposit in that account. Consequently, check number 2146 was honored when re-presented for payment on or about April 24, 1998.

On or about May 28, 1998, the respondent deposited into his escrow account a $5,000 check from State Farm Mutual Automobile Insurance representing its portion of the Jean-Pierre settlement.

The respondent admitted the factual allegations of the petition but denied that he thereby violated the disciplinary rules. Based on the evidence adduced, the Special Referee properly sustained the charges. The Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, we have considered the substantial mitigation offered

by the respondent, including his candor and cooperation, his expressed remorse, the total lack of venality of his mistake, his immediate action in covering the shortfall, the absence of any prior disciplinary history, and the unlikelihood that such conduct would ever be repeated. The respondent's client in one of the subject matters submitted a letter on his behalf indicating that she was not harmed in any way and extolling the respondent's character. Additionally, the respondent is a single parent of three children as a result of a highly acrimonious divorce proceeding which included a custody battle. Furthermore, his ex-wife was arrested for breaking into his home and stealing a sum of money. As a result of this and other incidents the respondent obtained an order of protection against her. The respondent has sought professional help in dealing with the psychological pressures imposed upon himself and his children. Under the circumstances, the respondent's attention to detail was admittedly diminished. His mistaken belief that he had received the total amount of the Jean-Pierre settlement led to his premature remittal to that client and his withdrawal of his own share of the fee.

In light of these particular and unique circumstances, the respondent is censured for his professional misconduct.

MANGANO, P. J., BRACKEN, SANTUCCI, JOY and THOMPSON, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Kenneth F. Popper, is censured for his professional misconduct.